UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. WALSH, III,<br><br>       Plaintiff,<br><br>       v.<br><br>GREGORY PASCAL, et al.,<br><br>       Defendants. | Civil Action No. 3:16-CV-1440<br><br>(Judge Kosik) |

## **MEMORANDUM**

Before the Court for disposition is another civil action filed by *pro se* Plaintiff, John R. Walsh, III. Upon review of the complaint (Doc. 1), we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2).

### **I. BACKGROUND**

Plaintiff initiated this action by filing a complaint (Doc. 1) on July 13, 2016. Plaintiff seeks to recover damages in the amount of $10,000,000.00 against Defendants Gregory Pascal, Gene Goldenziel, Ernie Preate, and Richard Goldenziel, for what this Court discerns as a breach of contract claim. Plaintiff alleges that he met with the Defendants to discuss the prospect of developing a business to sell "electric static sprayer[s] and Vital Oxide" and that any contract arising forom the same would be "fair and equitable" between the parties (Doc. 1, ¶ 3, ¶ G). Plaintiff alleges that "in exchange for [Defendants] giving [Plaintiff] $23,000 ... $5,000 ... immediately and a $1,000 ... over the next 18 months ... the Defendants would receive 33% ... of the company...." (Doc. 1, ¶ 6).

### **II. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915, the court may review an *in forma pauperis* complaint prior to service and "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis

in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6).

In determining the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has documented the evolving nature of pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. V. Twombly, 550 U.S. 644 (2007)* continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

2

not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. DISCUSSION

Guided by the above legal principles, Walsh fails to state a claim which falls within the original jurisdiction of this Court. It is well-settled that federal courts are courts of limited jurisdiction. Subject matter jurisdiction may be predicated on either federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332. Under

federal question jurisdiction, district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction provides jurisdiction to district courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

In this case, Plaintiff and Defendants all appear to be residents of Pennsylvania. Moreover, it is noted that Plaintiff has indicated on the civil cover sheet that he alleges jurisdiction based upon federal question and not diversity jurisdiction. (Doc. 1). Therefore, as diversity jurisdiction is not met, Plaintiff must rely on federal question jurisdiction in order for this Court to entertain the current suit.

Turning to the complaint, it is apparent that in its current form, it fails to state a viable claim under the Constitution and laws of the United States, justifying the exercise of federal question jurisdiction. It is clear that Plaintiff's complaint is merely a run of the mill, state law breach of contract claim. Thus, this Court does not have jurisdiction over this state law claim.[1]

Finally, even assuming that the Court could liberally construe Plaintiff's action as one brought under 42 U.S.C. § 1983, the instant action would nevertheless be subject to dismissal. Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. "The two essential elements of a § 1983 action are: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of a federally protected right." Boykin v.

---

[1] The Court notes that Plaintiff, sporadically throughout his complaint, recites the names of alleged causes of actions such as "conspiracy," "obstruction of justice," "grand larceny," etc, without any further explanation or development of facts or elements to support such causes of actions. Such claims must be dismissed since Plaintiff fails to even provide threadbare recitals of the elements of any of the recited causes of action. Iqbal, 556 U.S. at 677-679 (Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8). Moreover, many of these criminal statutes Plaintiff recites, do not create a private right of action and therefore preclude Plaintiff from bringing such claims. See Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp. 2d 17, 23 (D.D.C. 2003) ("[T]here is no private right of action under these federal criminal statutes.").

Bloomsburg University of Pennsylvania, 893 F.Supp. 409, 416 (M.D.Pa. 1995), aff'd, 92 F.3d 122 (3d Cir. 1996); Parratt v. Taylor, 451 U.S. 527, 535 (1981).  Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. Boykin, 893 F.Supp. at 416.  To the extent that a complaint seeks to hold private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors.  Am Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, the facts alleged by Walsh, even if liberally construed as an action brought under 42 U.S.C. § 1983, fail to set forth a cognizable claim, alleging a deprivation of a federally protected right, against any of the private, individual Defendants.  Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (the "under color of state law" requirement excludes from its reach "merely private conduct, no matter how discriminatory or wrongful").

## IV. CONCLUSION

For the foregoing reasons, we will dismiss Plaintiff's complaint (Doc. 1).  An appropriate order follows.